UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CIRO ALARCON and HARUN MONNAN

                Plaintiffs,

JUDGE BRODERICK

        -vs.-

1568 BROADWAY HOTEL MANAGEMENT LLC, and
HIGHGATE HOTELS LP

            Defendants.

-------------------------------------------------------------------------X

Case No.

**14 CV 2840**

**COMPLAINT**

RECEIVED
APR 2 2 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, CIRO ALARCON and HARUN MONNAN, by and through their attorneys,

the LAW OFFICES OF WILLIAM CAFARO, hereby alleges as follows:

## *THE PARTIES*

1.    The plaintiff CIRO ALARCON ("Alarcon") is an individual residing in

Richmond Hill, New York.

2.    The plaintiff HARUN MONNAN ("Monnan") is an individual residing in the

Bronx, New York.

3.    Upon information and belief, the Defendant, 1568 Broadway Hotel

Management LLC (hereinafter "1568"), was and is a foreign limited liability company

created under the laws of the state of Delaware whose principal place of business is located at

1568 Broadway, New York, NY 10036.

4. Upon information and belief, the Defendant, Highgate Hotels, LP (hereinafter "Highgate"), was and is a foreign limited partnership created under the laws of the state of Delaware whose principal place of business is located at 234 W 42nd St, New York, NY 10036.

## *JURISDICTION AND VENUE*

5. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law, 12 NYCRR § 142-2.2, and 12 NYCRR § 142-2.4.

6. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one defendant resides within this Judicial District, and (b)(2), insofar as all the events giving rise to the within causes of action occurred in this Judicial District.

## *GENERAL FACTUAL ALLEGATIONS*

7. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

8. 1568 is a limited liability company whose sole member is Highgate.

9. There is a hotel located at 1568 Broadway, New York, New York 10036, that operates under and holds itself out to the public under the name and style of Doubletree Guest Suites – Times Square (hereinafter "DTS Hotel").

10. There is a hotel located at 234 W 42nd St, New York, New York 10036, that operates under and holds itself out to the public under the name and style of Hilton Times Square Hotel (hereinafter "HTS Hotel").

11. Both DTS Hotel and HTS Hotel operate under, and hold themselves out to the public under the name and style "Hilton Hotels and Resorts", and have done so at all times herein pertinent.

12. Upon information and belief, both 1568 and Highgate participated in the management of the DTS Hotel during the time frame alleged herein, including various aspects of the employment relationships with the hotel employees.

13. Upon information and belief, both 1568 and Highgate participated in the management of the HTS Hotel during the time frame alleged herein, including various aspects of the employment relationships with the hotel employees. .

14. Upon information and belief, 1568 has operated the DTS Hotel at all times herein alleged.

15. Upon information and belief, Highgate began operating the HTS Hotel on April 1. 2011 and continues to manage it to date.

3

16.     Upon information and belief, 1568 and Highgate form a single integrated enterprise pursuant to which the DTS Hotel and HTS Hotel are operated, and have done so at all times herein pertinent.

17.     Upon information and belief, for each of the calendar years 2010 through 2014, inclusive, the gross receipts for the DTS Hotel were not less than, or will not be less than, $500,000.00.

18.     Upon information and belief, for each of the calendar years 2010 through 2014, inclusive, the gross receipts for the HTS Hotel were not less than, or will not be less than, $500,000.00.

19.     Going to the website www.hilton.com will access a menu, which allows the user to search for Hilton Hotels and Resorts in a given area.  By searching for hotels in "New York, NY" a menu shows several locations of Hilton Hotels and Resorts; the DTS Hotel and HTS Hotel among them.

20.     Upon information and belief, both 1568 and Highgate have the same paymaster who maintains the payroll records.  This payroll master sends IRS form W-2 to each employee of both 1568 and Highgate and uses the same batch number on the W-2s for both employers.

21.     Plaintiffs' employee numbers on the bio-scan system used at the HTS Hotel and DTS Hotel are the same, except that one additional digit is added at one of the hotels.

4

22.     All of the Plaintiffs' paychecks indicate the same employer address and suite number regardless of whether it was for hours worked at HTS Hotel or DTS Hotel.

23.     All of the Plaintiffs' paychecks indicate the same corporate phone number regardless of whether it was for hours worked at HTS Hotel or DTS Hotel.

24.     Upon information and belief, the HTS Hotel and DTS Hotel have the same Human Resources Department that hires and fires employees and determines work schedules for the employees.

25.     Upon information and belief, 1568 and Highgate acted as joint employers of each of the Plaintiffs between April 1, 2011 and the present date.

26.     Upon information and belief, the HTS Hotel and DTS Hotel have been operated as parts of a single integrated enterprise between April 1, 2011 and the present date.

## *PLAINTIFF ALARCON FACTUAL ALLEGATIONS*

27.     Plaintiff Alarcon began working for DTS Hotel on or about 2010.

28.     While working for DTS Hotel, Plaintiff Alarcon noticed an HR notice asking for volunteers to cover vacations at the HTS Hotel to make extra money.

29. Starting in or about August 2011 Plaintiff Alarcon began working simultaneously at both the HTS Hotel and DTS Hotel.

30. Plaintiff Alarcon's employee identification number at DTS Hotel is 03020595 and his employee identification number at HTS Hotel is 3020595.

31. At DTS Hotel, Plaintiff Alarcon works as a busboy whose duties include, but were not limited to, clearing tables, taking dirty dishes to the dishwasher, setting tables, and otherwise assisting the waiting staff.

32. At HTS Hotel, Plaintiff Alarcon works as a food runner whose duties include but are not limited to, delivering food to customers, checking food for accuracy, replenishing beverages and bussing tables.

33. At all times herein pertinent, and in the course of his duties, Plaintiff Alarcon regularly handled products which had been moved in commerce.

34. Subject to scheduled vacations, from April 1, 2011 to date, Plaintiff Alarcon has normally worked the following schedule at DTS Hotel: In January, 3 days per week, 7 hours per day; from February to April, 2 days per week, 7 hours per day; from May to July, 3 days per week, 7 hours per day; and from August to December, 4 – 5 days per week, 7 hours per day. .

6

35. Subject to scheduled vacations, Plaintiff Alarcon worked 5 days a week, 7 hours per day at the HTS Hotel from April 1, 2011 to date.

36. From April 1, 2011 until 2012, Plaintiff Alarcon was paid approximately $26.00 per hour at the HTS Hotel. Sometime in 2012, his hourly rate of pay was increased to approximately $27 per hour pursuant to the applicable union contract.

37. From April 1, 2011 until 2012, Plaintiff Alarcon was paid $22.34 per hour at the DTS Hotel. Sometime in 2012, his hourly rate of pay was increased to approximately $24.79 per hour pursuant to the applicable union contract.

38. Since he began working at both hotels, Plaintiff Alarcon has always been paid his regular rate of pay for all hours worked at both hotels; he has never received time and a half for any of the hours he worked in excess of 40 hours per week.

39. Plaintiff Alarcon regularly worked for the Defendants in excess of forty (40) hours per week but never received any overtime premium for work performed in excess of the forty hour work week.

40. Plaintiff Alarcon was never compensated an additional hour's pay at the prevailing State minimum wage when he worked a split shift and/or in excess of 10 hours in a single day.

7

41.     At all times herein pertinent, Plaintiff performed his duties for the Defendants under the supervision, direction and control of personnel jointly employed by 1568 and Highgate who had control over the terms and conditions of his employment, including the hours of his employment, had the power to make decisions regarding hiring, firing, rates and method of the payment of wages, and maintained the records pertaining to all of the foregoing.

## *PLAINTIFF MONNAN FACTUAL ALLEGATIONS*

42.     Plaintiff began working for DTS Hotel on or about March 2005.

43.     While working for DTS Hotel, Plaintiff Monnan noticed an HR notice asking for volunteers to cover vacations at the HTS Hotel to make extra money.

44.     Starting in or about August 2011 Plaintiff Monnan began working simultaneously at both the HTS Hotel and DTS Hotel.

45.     Plaintiff Monnan's employee identification number at DTS Hotel is 3010476 and his employee identification number at HTS Hotel is 33010476.

46.     Plaintiff Monnan works as a room server whose duties include, but are not limited to, delivering food and beverages, ("F&B"), to customers of the DTS Hotel.

47.     From August to September 2011, Plaintiff Monnan worked as a room server whose duties included, but were not limited to delivering food and beverages to customers of

8

the HTS Hotel. Starting on or about September 2011, Plaintiff Monnan stopped working as a room server at HTS Hotel and began working as a bar-back (bartender's assistant). His job duties as a bar-back include, but are not limited to, stocking the bar with liquor, ice, glassware, beer, and garnishes.

48.     At all times herein pertinent, and in the course of his duties, Plaintiff Monnan regularly handled products which had been moved in commerce.

49.     Subject to scheduled vacations, Plaintiff Monnan worked 5 days a week, 8 hours a day at the DTS Hotel.

50.     Subject to scheduled vacations, Plaintiff Monnan worked 2 days per week, 8 hours per day 10% of the time; 3 days per week, 8 hours per day 60% of the time; 4 days per week 8 hours per day 15% of the time; and 5 days per week, 8 hours per day 15% of the time at HTS Hotel.

51.     From April 1, 2011 until 2012, Plaintiff Monnan was paid approximately $18.00 per hour at the DTS Hotel. Sometime in 2012, his hourly rate of pay was increased to approximately $18.20 per hour pursuant to the applicable union contract.

52.     From August to September 2011, Plaintiff Monnan was paid approximately $15.00 per hour at the HTS Hotel. From September 2011 until 2012 he was paid approximately $25.00 per hour. Sometime in 2012, his hourly rate of pay was increased to $26.64 per hour pursuant to union contract.

9

53.    Since he began working at both hotels, Plaintiff Monnan has always been paid his regular rate of pay for all hours worked at both hotels; he has never received time and a half for any of the hours he worked in excess of 40 hours per week.

54.    Plaintiff Monnan regularly worked for the Defendants in excess of forty (40) hours per week but never received any overtime premium for work performed in excess of the forty hour work week.

55.    Plaintiff Monnan was never compensated an additional hour's pay at the prevailing State minimum wage when he worked a split shift and/or in excess of 10 hours in a single day.

56.    At all times herein pertinent, Plaintiff Monnan performed his duties for the Defendants under the supervision, direction and control of personnel jointly employed by 1568 and Highgate who had control over the terms and conditions of his employment, including the hours of his employment, had the power to make decisions regarding hiring, firing, rates and method of the payment of wages, and maintained the records pertaining to all of the foregoing.

10

### *AS AND FOR THE FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

57.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

58.     In violation of 29 U.S.C. §§ 207, 216(b) the Defendants, and each of them, have failed to pay Plaintiffs, or any of them, overtime pay at a premium rate of one and one half times their regular rates of pay.

59.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### (OVERTIME)

60.     The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

61.     The Defendants herein knowingly, willfully and in bad faith violated Article 6 & 19 and the regulations promulgated thereunder, namely 12 NYCRR §142-2.2, by failing to pay Plaintiffs, or any of them, overtime pay at a premium rate of at least one and one half times her regular rates of pay.

11

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### (SPREAD-OF-HOURS & SPLIT-SHIFT PAY)

62.    The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

63.    The Defendants, and each of them, herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiffs, or any of them, one hour's pay at the prevailing minimum wage rate for each day during which he worked a split shift and/or her spread of hours exceeded 10 hours.

**WHEREFORE**, the Plaintiffs pray for judgment as against the Defendants, and each of them, as follows:

(a)    awarding back pay for overtime wages due and owing to the Plaintiffs;

(b)    awarding back pay for spread of hours pay due and owing to the Plaintiffs;

(c)    awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or the New York State Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(d)    awarding the costs and disbursements of this action, pre and post judgment interest, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or the New York State Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1); and

(e)   awarding any other relief this Court deems just, proper and equitable.


Dated:  New York, New York
        April 17, 2014

                                        Respectfully submitted
                                        LAW OFFICES OF WILLIAM CAFARO


                                        _____
                                        William Cafaro (WC2730)
                                        Attorneys for Plaintiff
                                        108 West 39th Street, Suite 602
                                        New York, New York 10018
                                        (212) 583-7400
                                        File No. 52755



To:

1568 BROADWAY HOTEL MANAGEMENT, LLC
d/b/a DOUBLETREE GUEST SUITES – TIMES SQUARE
1568 Broadway
New York, NY 10036.

HIGHGATE HOTELS, LP
d/b/a HILTON TIMES SQUARE
234 W 42nd St
New York, NY 10036.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CIRO ALARCON and HARUN MONNAN                           Case No.

                    Plaintiffs,


              -vs.-


1568 BROADWAY HOTEL MANAGEMENT LLC, and
HIGHGATE HOTELS LP

                    Defendants.
------------------------------------------------------------------------X


---

## COMPLAINT

---


LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400


14